UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

CB DISTRIBUTORS, INC.,

       Plaintiff,

       v.

POWER BALANCE, LLC,

       Defendant.

Case No. 10-cv-813-wmc

**POWER BALANCE, LLC'S ANSWER AND COUNTERCLAIMS**

Power Balance, LLC, ("Power Balance"), hereby answers Plaintiff, CB Distributors, Inc.'s, ("CB"), Complaint for Declaratory Judgment as follows:

**JURISDICTION AND VENUE**

**1.** This is an action for a declaratory judgment that CB has not committed acts of trademark or trade dress infringement, or false designation of origin, false description, or misrepresentation of trademark or trade dress, under the federal Lanham Act. This action arises under the Lanham Act, 15 U.S.C. Section 1051, *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. Section 2201, *et seq*.

**ANSWER:** Power Balance admits that this purports to be a declaratory judgment action under 28 U.S.C. § 2201 in which CB alleges that it has not committed acts of trademark or trade dress infringement. Power Balance denies that CB has specifically alleged these claims under the Lanham Act and that it is entitled to the relief it requests. Power Balance denies the remaining allegations in this Paragraph.

**2.** Jurisdiction of the subject matter of this action is conferred on this Court by 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

**ANSWER:** Admitted.

**3.** Venue is proper under 28 U.S.C. § 1391(b) and (c).

**ANSWER:** Admitted.

## JURY TRIAL DEMANDED

**4.**     CB demands a jury on all triable issues.

**ANSWER:**  Power Balance admits that CB demands a jury on all triable issues.

## THE PARTIES

**5.**     CB is a Wisconsin corporation with its principal place of business located at 2500 Kennedy Drive, Beloit, Wisconsin 53511.

**ANSWER:**  Power Balance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, denies the same.

**6.**     Power Balance is a Delaware limited liability company with its principal place of business located at 30012 Ivy Glenn, Suite 170, Laguna Niguel, California 92677.

**ANSWER:**  Admitted, with the exception and correction that Power Balance's principal place of business is located at 30012 Ivy Glenn, Suite 180, Laguna Niguel, California 92677.

## FACTS COMMON TO ALL CLAIMS

**7.**     Since 1994, CB has been a well-known wholesale distributor of merchandise to the convenience store industry, and carries numerous product lines.

**ANSWER:**  Power Balance denies that CB is a well-known wholesale distributor of merchandise. Power Balance lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

**8.**     Among the thousands of diverse products offered by CB are rubber and plastic bands and bracelets of various shapes, sizes, and colors.

**ANSWER:**  Power Balance admits that CB sells wristbands of various sizes and colors. Power Balance lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

**9.**     In addition to distributing products manufactured by others, CB also engages in the marketing and distribution of products manufactured on its own behalf, including its line of Harmonized Stability plastic bracelets.

**ANSWER:**  Power Balance admits that CB markets and distributes a line of Harmonized Stability plastic bracelets. Power Balance lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

10. CB's Harmonized Stability plastic bracelets incorporate several distinctive marks: (a) the term HARMONIZED STABILITY imprinted around the bracelet in white lettering; (b) the stylized term "H·S" within a white circle; and (c) the stylized term H·S within an oval, iridescent sticker (collectively, the "CB Bracelet Marks"). Images depicting CB's Harmonized Stability plastic bracelet product are attached hereto as Exhibit A.

ANSWER: Denied, except that Power Balance admits that Exhibit A to CB's Complaint shows images of CB's Harmonized Stability wristband product.

11. CB offers its Harmonized Stability plastic bracelets in commerce throughout the United States, which are currently being sold in convenience stores in over twenty-seven states.

ANSWER: Power Balance admits that CB sells its Harmonized Stability bracelets in commerce in the United States. Power Balance lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, denies the same.

12. On or about December 17, 2010, counsel for Power Balance sent a "Cease and Desist Demand" to CB. This letter claimed that CB's Harmonized Stability plastic bracelets infringed upon Power Balance's alleged common law trademark and trade dress rights, and demanded that CB immediately cease offering its Harmonized Stability product in commerce, turn over its entire inventory of Harmonized Stability product to Power Balance, and provide an accounting of sales and profits from the sale of the Harmonized Stability product. A true copy of Defendant Power Balance's cease and desist letter with all attachments is attached hereto as Exhibit B.

ANSWER: Power Balance admits that Exhibit B to CB's Complaint is a copy of the cease and desist letter sent by counsel for Power Balance to CB on December 17, 2010, (the "December 17, 2010 Letter"). Power Balance denies the remaining allegations of this Paragraph to the extent that they differ from the letter, which letter speaks for itself.

13. The Defendant's cease and desist letter stated that if CB failed to comply with its demands by December 22, 2010, it would immediately file suit against CB, creating a reasonable apprehension by CB that Power Balance was threatening imminent legal action.

ANSWER: Power Balance denies the allegations of this Paragraph to the extent that they differ from the December 17, 2010 Letter which speaks for itself.

      **14.**    In its December 17, 2010 letter, Power Balance alleged rights in a trademark consisting of the stylized letters PB within a circular holographic design, itself within a diamond with rounded points, enclosed by brackets (the "Alleged Oval Mark").

      **ANSWER:** Power Balance admits that it has trademark rights in its Oval Mark as set forth in its December 17, 2010 Letter. Power Balance denies remaining allegations of this Paragraph to the extent that they differ from the December 17, 2010 Letter which speaks for itself.

      **15.**    Power Balance also alleged rights in a trademark consisting of the words POWER BALANCE in capitalized letters rendered in a stylized font, with a dot placed between the words (the "Alleged Word Mark").

      **ANSWER:** Power Balance admits that it has trademark rights in the mark POWER BALANCE as set forth in the December 17, 2010 Letter. Power Balance denies remaining allegations of this Paragraph to the extent that they differ from the December 17, 2010 Letter which speaks for itself.

      **16.**    Power Balance further alleged rights in trade dress consisting of the placement of the Alleged Oval Mark and Alleged Word Mark on the bracelet, and the widened shape of the bracelet in two locations to accommodate the placement of the Alleged Oval Mark (the "Alleged Trade Dress").

      **ANSWER:** Power Balance admits that it has trade dress rights in its silicone wristbands as set forth in the December 17, 2010 Letter. Power Balance denies remaining allegations of this Paragraph to the extent that they differ from the December 17, 2010 Letter which speaks for itself.

**COUNT I**
**NO TRADEMARK INFRINGEMENT**

      **17.**    CB repeats and realleges the foregoing paragraphs as if fully set forth herein.

      **ANSWER:** Power Balance repeats and realleges its answers to the foregoing paragraphs as if fully set forth herein.

18. Upon information and belief, Defendant's Alleged Oval Mark and Alleged Word Mark are neither inherently distinctive nor have acquired secondary meaning.

**ANSWER:** Denied.

19. Upon information and belief, CB's use of the CB Bracelet Marks in connection with its plastic bracelet product does not engender any likelihood of confusion with Defendant's Alleged Oval Mark or Alleged Word Mark, or any valid trademark owned by the Defendant.

**ANSWER:** Admitted that CB's use of the CB Bracelet Marks in connection with its plastic bracelet product does not engender any likelihood of confusion with Defendant's Alleged Word Mark. Power Balance denies the remaining allegations of this Paragraph.

20. CB's use of the CB Bracelet Marks does not constitute infringement of Defendant's Alleged Oval Mark or Alleged Word Mark, or any valid trademark owned by the Defendant.

**ANSWER:** Admitted that CB's use of the CB Bracelet Marks does not constitute infringement of Defendant's Alleged Word Mark. Power Balance denies the remaining allegations of this Paragraph.

21. CB's use of the CB Bracelet Marks does not constitute false designation of origin, false description, or misrepresentation of Defendant's Alleged Oval Mark or Alleged Word Mark, or any valid trademark owned by the Defendant.

**ANSWER:** Admitted that CB's use of the CB Bracelet Marks does not constitute misrepresentation of Defendant's Alleged Word Mark. Power Balance denies the remaining allegations of this Paragraph.

## COUNT II
### NO TRADE DRESS INFRINGEMENT

22. CB repeats and realleges the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Power Balance repeats and realleges its answers to the foregoing paragraphs as if fully set forth herein.

23. Upon information and belief, Defendant's Alleged Trade Dress is neither inherently distinctive nor has it acquired secondary meaning.

**ANSWER:** Denied.

5

24. Upon information and belief, Defendant's Alleged Trade Dress is functional.

ANSWER:  Denied.

25. Upon information and belief, the shape of CB's plastic bracelet product and use of the CB Bracelet Marks in connection with its plastic bracelet product does not engender any likelihood of confusion with the Defendant's Alleged Trade Dress, or any valid trade dress owned by the Defendant.

ANSWER:  Denied.

26. The shape of CB's plastic bracelet product and use of the CB Bracelet Marks does not constitute infringement of Defendant's Alleged Trade Dress, or any valid trade dress owned by the Defendant.

ANSWER:  Denied.

27. The shape of CB's plastic bracelet product and use of the CB Bracelet Marks does not constitute false designation of origin, false description, or misrepresentation of Defendant's Alleged Trade Dress, or any valid trade dress owned by the Defendant.

ANSWER:  Denied.


**DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Defendant, Power Balance, LLC, demands a jury trial on all issues so triable.


**WHEREFORE**, Power Balance, LLC prays for entry of judgment in its favor and against Plaintiff CB Distributors, Inc. as follows:

A. Denying all relief sought by CB Distributors, Inc. in its complaint;

B. Dismissing the complaint of CB Distributors, Inc. in its entirety, with prejudice; and

C. Granting Power Balance, LLC such other and further relief as this Court deems just and proper under the circumstances.

## COUNTERCLAIMS

### THE PARTIES

1. Defendant-Counterclaimant, Power Balance, LLC, ("Power Balance"), is a Delaware limited liability company with its principal place of business at 30012 Ivy Glenn, Suite 180, Laguna Niguel, California 92677.

2. On information and belief, Plaintiff-Counterdefendant, CB Distributors, Inc. ("CB") is a Wisconsin corporation with its principal place of business located at 2500 Kennedy Drive, Beloit, Wisconsin 53511.

### JURISDICTION AND VENUE

3. This is a Counterclaim for trademark and trade dress infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*., and under the laws of the State of Wisconsin.

4. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1125, 1331, 1338, and 1367(a).

5. This Court has personal jurisdiction over CB.

6. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

### POWER BALANCE'S TRADEMARK AND TRADE DRESS RIGHTS

7. Power Balance is in the business of manufacturing and marketing, among other things, silicone wristbands containing holograms. Power Balance has inserted wearable holograms in the products it sells, including pendants, wallet cards, and its most popular product—wristbands.

8. Power Balance was founded in 2007 and has pioneered the market for silicone hologram wristbands, gaining an international reputation and popularity for its products.

9. Widespread use of Power Balance products by celebrated professional athletes and other media figures has resulted in high-profile visibility of Power Balance's hologram silicone wristband product, its trademarks, and trade dress. The hologram silicone wristband product has also been popularized through international press coverage. Power Balance has distribution channels throughout the world.

10. Examples of Power Balance's silicone hologram wristband products are shown below:

 

11. Power Balance uses a distinctive logo in the shape of a circular hologram encompassed by an ovalized diamond shape, which is enclosed on either side by raised brackets, (the "Oval Mark"), in connection with marketing its silicone hologram wristband products.

12. Power Balance also uses the mark POWER BALANCE in connection with marketing its silicone hologram wristband products. For example, on many products, the mark POWER BALANCE is displayed on the product in stylized, capitalized, and raised letters where the word "POWER" and "BALANCE," are separated by a dot (the "Stylized Word Mark").

13. Power Balance owns trademark rights in both the Oval Mark and the Stylized Word Mark, and has valuable goodwill represented by these marks.

14. Both the Oval Mark and the Stylized Word Mark indicate to consumers that the goods bearing those marks come from a common source.

15. As used on silicone wristbands, the Oval Mark and Stylized Word Mark are inherently distinctive.

16. Furthermore, as used on silicone wristbands, the Oval Mark and Stylized Word Mark have acquired secondary meaning as a result of the fame and recognition they have achieved through the use of Power Balance's wristbands by celebrated professional athletes and other media figures, as well as Power Balance's extensive advertising, sales, and exclusive continuous use.

17. Power Balance also owns trade dress rights in the overall look and feel of its silicone hologram wristband products, including: (a) a distinctive shape wherein the wristband widens to encompass two of the Oval Marks on opposite sides of the band; (b) the Oval Marks; and (c) the Stylized Word Mark featured on the side of the wristband between the two Oval Marks, (the "Power Balance Trade Dress").

18. The design features that constitute the Power Balance Trade Dress are aesthetic features that do not affect the cost or quality of the product.

19. The Power Balance Trade Dress has acquired secondary meaning as a result of the fame and recognition it has achieved through the use of Power Balance's wristbands by celebrated professional athletes and other media figures, as well as Power Balance's extensive advertising, sales, and exclusive continuous use.

20. Power Balance first used the Oval Mark, the Stylized Word Mark, and its Power Balance Trade Dress in commerce in April 2009, in connection with the sale of its wristband products. The market for Power Balance wristbands encompasses all of the United States as well as several other countries. Power Balance's rights in the Oval Mark, the Stylized Word Mark, and its Power Balance Trade Dress, therefore, extend at least throughout the United States.

## CB'S INFRINGING WRISTBANDS

21. Subsequent to Power Balance's wristbands' gaining public notoriety, knock-off products began appearing, including CB's "Harmonized Stability" wristbands.

22. In December 2010, Power Balance discovered that CB was offering the knock-off "Harmonized Stability" wristbands for sale on its website at www.cbdistributorsinc.com and in retail outlets.

23. Examples of CB's "Harmonized Stability" wristbands are pictured below:






24. CB's "Harmonized Stability" wristbands are copies or imitations of Power Balance's wristbands and infringe on Power Balance's Oval Mark and the Power Balance Trade Dress.

10

25. CB's "Harmonized Stability" wristbands bear a logo in the form of an oval shaped hologram encompassed by an oval shape, which is flanked on either side by raised curved brackets, ("The Infringing Oval Mark").

26. CB's "Harmonized Stability" wristbands also bear a logo in the form of a capitalized, stylized raised two-word phrase "HARMONIZED STABILITY," where the two words are separated by a dot (the "CB Stylized Word Mark").

27. The overall look and feel of CB's "Harmonized Stability" wristbands also have the same overall look and feel as the Power Balance Trade Dress, namely including: (a) a distinctive shape wherein the wristband widens to encompass two of the Infringing Oval Marks on opposite sides of the band; (b) the Infringing Oval Marks; and (c) the CB Stylized Word Mark featured on the side of the wristband between the two Infringing Oval Marks.

28. On December 17, 2010, Power Balance, through its counsel, sent a cease and desist demand letter to CB requesting that CB immediately cease and desist its infringement of Power Balance's trademark and trade dress.

29. After receipt of that letter, CB removed all images of its "Harmonized Stability" wristbands from its website at www.cbdistributorsinc.com.

30. On information and belief, CB has not stopped selling its "Harmonized Stability" wristbands, and on December 21, 2010 filed a complaint against Power Balance seeking a declaration that its "Harmonized Stability" wristbands do not infringe Power Balance's trademark and trade dress rights.

### COUNT I: Trademark Infringement and Unfair Competition Under 15 U.S.C. §1125(a)

31. Power Balance incorporates by reference Paragraphs 1 through 30 of its Counterclaims.

32. CB's use of its Infringing Oval Mark in connection with its "Harmonized Stability" wristband is likely to cause confusion, cause mistake, or to deceive consumers as to the origin, sponsorship, or approval of CB and its products, and constitutes trademark infringement and unfair competition under 15 U.S.C. § 1125(a).

33. CB's use of the Infringing Oval Mark has damaged and is likely to continue to damage Power Balance's goodwill in the Oval Mark and the Stylized Word Mark and has resulted in lost sales and other actual damages.

34. As a direct and proximate result of CB's use of the Infringing Oval Mark, CB obtained unlawful profits to the detriment of Power Balance. Power Balance is entitled to recover all profits improperly diverted from Power Balance due to CB's infringement of Power Balance's marks.

35. Unless enjoined, CB will continue to use the Infringing Oval Mark to Power Balance's great and irreparable injury, for which damages will not afford adequate relief. Power Balance is therefore entitled to an injunction ordering CB to cease and desist from using marks that are confusingly similar to the Oval Mark, and to deliver up for destruction all products bearing marks or trade dress that is similar to Power Balance's marks and trade dress.

36. On information and belief, CB committed its acts of infringement willfully and maliciously in that CB intended by its conduct to gain business and a share of the wearable hologram wristband market at the expense of Power Balance's profits and market share; and to create customer confusion regarding the source of the "Harmonized Stability" wristbands.

### COUNT II: Trade Dress Infringement Under 15 U.S.C. § 1125(a)

37. Power Balance incorporates by reference Paragraphs 1 through 36 of its Counterclaims.

38. The overall look and feel of CB's "Harmonized Stability" wristband is confusingly similar to the Power Balance Trade Dress and is likely to cause confusion, cause mistake, or to deceive consumers as to the origin, sponsorship, or approval of CB and its products, and constitutes trade dress infringement under 15 U.S.C. § 1125(a).

39. CB's use of trade dress that is confusingly similar to the Power Balance Trade Dress has damaged and is likely to continue to damage Power Balance's goodwill in the Power Balance Trade Dress and has resulted in lost sales and other actual damages.

40. As a direct and proximate result of CB's use of trade dress that is confusingly similar to the Power Balance Trade Dress, CB obtained unlawful profits to the detriment of Power Balance.  Power Balance is entitled to recover all profits improperly diverted from Power Balance due to CB's infringement of the Power Balance Trade Dress.

41. Unless enjoined, CB will continue its use of trade dress that is confusingly similar to the Power Balance Trade Dress to Power Balance's great and irreparable injury, for which damages will not afford adequate relief.  Power Balance is therefore entitled to an injunction ordering CB to cease and desist from using trade dress that is confusingly similar to the Power Balance Trade Dress, and to deliver up for destruction all products bearing marks or trade dress that is similar to Power Balance's marks and trade dress.

42. On information and belief, CB committed its acts of infringement willfully and maliciously in that CB intended by its conduct to gain business and a share of the wearable hologram wristband market at the expense of Power Balance's profits and market share; and to create customer confusion regarding the source of the "Harmonized Stability" wristbands.

### COUNT III:  Trademark Infringement and Unfair Competition Under Wisconsin Common Law

43. Power Balance incorporates by reference Paragraphs 1 through 42 of its Counterclaims.

44. CB's use of its Infringing Oval Mark and trade dress similar to the Power Balance Trade Dress in connection with its "Harmonized Stability" wristband is likely to cause confusion, cause mistake, or to deceive consumers as to the origin, sponsorship, or approval of CB and its products, and constitutes trademark infringement and unfair competition under Wisconsin common law.

45. As a direct and proximate result of CB's use of its Infringing Oval Mark and trade dress similar to the Power Balance Trade Dress, Power Balance lost sales, and CB obtained unlawful profits to the detriment of Power Balance.

46. Unless enjoined, CB will continue to use its Infringing Oval Mark and trade dress similar to the Power Balance Trade Dress, to Power Balance's great and irreparable injury, for which damages will not afford adequate relief.  Power Balance is therefore entitled to an injunction ordering CB to cease and desist its infringing conduct.

47. On information and belief, CB committed its acts of infringement willfully and maliciously in that CB intended by its conduct to gain business and a share of the wearable hologram wristband market at the expense of Power Balance's profits and market share; and to create customer confusion regarding the source of the "Harmonized Stability" wristbands.

### COUNT IV:  Unfair Competition Under Wis. Stat. § 100.18

48. Power Balance incorporates by reference Paragraphs 1 through 47 of its Counterclaims.

**49.**     CB's use of its Infringing Oval Mark and trade dress similar to the Power Balance Trade Dress in connection with its "Harmonized Stability" wristband constitutes deceptive and misleading conduct in violation of Wis. Stat. § 100.18.

**50.**     As a direct and proximate result of CB's use of its Infringing Oval Mark and trade dress similar to the Power Balance Trade Dress, Power Balance lost sales, and CB obtained unlawful profits to the detriment of Power Balance.

**51.**     Unless enjoined, CB will continue to use its Infringing Oval Mark and trade dress similar to the Power Balance Trade Dress, to Power Balance's great and irreparable injury, for which damages will not afford adequate relief.  Power Balance is therefore entitled to an injunction ordering CB to cease and desist its infringing conduct.

**52.**     On information and belief, CB committed its acts of infringement willfully and maliciously in that CB intended by its conduct to gain business and a share of the wearable hologram wristband market at the expense of Power Balance's profits and market share; and to create customer confusion regarding the source of the "Harmonized Stability" wristbands.  CB's conduct justifies an award of enhanced damages.

**DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Defendant-Counterclaimant, Power Balance, LLC, demands a jury trial on all issues so triable.

**WHEREFORE**, Power Balance, LLC prays for entry of judgment in its favor and against CB Distributors, Inc. as follows:

- A. Preliminary and permanent injunctive relief requiring CB Distributors, Inc., its agents, representatives, employees, attorneys and all persons acting or claiming to act on its behalf or under its direction or authority to:
    - i. Cease and desist from using any trademark or trade dress that is similar to Power Balance's trademarks or trade dress;
    - ii. Deliver up for destruction all products bearing marks or trade dress that is similar to Power Balance's trademarks or trade dress;
    - iii. Engage in corrective advertising to restore, to the fullest extent possible, the value of Power Balance's marks and trade dress;
- B. An award of damages, to be determined at trial, including enhanced damages under 15 U.S.C. § 1117 and Wis. Stat. 100.18.
- C. An award of costs, interest, and attorneys' fees; and
- D. Any such other and further relief as the Court deems just and equitable.

Dated this 14th day of February, 2011.

                                          Respectfully submitted,

                                          *s/ Jennifer L. Gregor*

Nicholas A. Kees
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202-3590
Phone: 414-273-3500
Fax: 414-273-5198
Email: nakees@gklaw.com

James D. Peterson
Jennifer L. Gregor
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Post Office Box 2719
Madison, WI 53701-2719
Phone: 608-257-3911
Fax: 608-257-0609
Email: jpeterson@gklaw.com; jgregor@gklaw.com

Of Counsel:

David R. Sugden
Jacqueline Beaumont
Call & Jensen
610 Newport Center Drive
Suite 700
Newport Beach, CA 92660
Phone: (949) 717-3000
Fax: (949) 717-3100
Email: dsugden@calljensen.com;
jbeaumont@calljensen.com

Attorneys for Defendant, Power Balance, LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 14, 2011, I electronically filed Power Balance, LLC's Answer and Counterclaims with the Clerk of the Court using the ECF system which will make this document available to all counsel of record for viewing and downloading from the ECF system.

      Dated: February 14, 2011.

                                       *s/ Jennifer L. Gregor*
                                       Jennifer L. Gregor

5994624_1